THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE (State Bar No. 130005)
Assistant United States Attorney
Assistant Division Chief
Civil Rights Unit Chief, Civil Division
JESSICA O. CHEH (State Bar No. 254012)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone:    (213) 894-2458/0886
        Facsimile:    (213) 894-7819
        E-mail:       robby.monteleone@usdoj.gov
                      jessica.cheh@usdoj.gov

Attorneys for Plaintiff United States of America



**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CV12-06120 GAF (Ex) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT PURSUANT TO** |
| | ) **THE AMERICANS WITH** |
| | ) **DISABILITIES ACT, 42 U.S.C. §§** |
| STARLINE TOURS OF | ) **12181** *et seq.* |
| HOLLYWOOD, INC., a business | ) |
| entity, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THE UNITED STATES OF AMERICA by its undersigned attorneys, hereby files this Complaint and alleges upon information and belief:

## JURISDICTION, STANDING, AND VENUE

1.    This action is brought by the United States pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, against Starline Tours of Hollywood, Inc. ("Starline").

2.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

3.    The United States is authorized to initiate this action pursuant to 42 U.S.C. § 12188(b).

4.    Venue in the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. § 1391(b).

## DEFENDANT

5.    Defendant Starline is a privately owned and operated company located in Los Angeles, California.  Starline provides tours and operates tour buses and charter shuttles to major attractions in Hollywood and the greater Los Angeles area.  Starline offers more than thirty different tours and serves approximately one million passengers a year.

6.    Upon information and belief, Starline is a public accommodation that owns, leases, leases to, or operates a terminal, depot, or other station used for specified public transportation within the meaning of 42 U.S.C. §§ 12181(7)(G) and 12181(10), and Title III's implementing regulations, 28 C.F.R. § 36.104 and 49 C.F.R. § 37.3.  Upon information and belief, Starline is also a public accommodation that owns, leases, leases to, or operates a rental or sales establishment within the meaning of 42 U.S.C. § 12181(7)(E), and Title III's implementing regulation, 28 C.F.R. § 36.104.

7.     Starline, with respect to some of its operations, is a private entity primarily engaged in the business of transporting people, whose operations affect commerce and which provides specified public transportation services, 42 U.S.C. § 12184; 49 C.F.R. § 37.103.  Starline, with respect to other of its operations, is a private entity that provides specified public transportation services and is not primarily engaged in the business of transporting people.  42 U.S.C. § 12182(b)(2)(B), (C), (D); 49 C.F.R. § 37.101.

8.     Starline operates a fixed route system or systems within the meaning of 42 U.S.C. §§ 12181(4) and 49 C.F.R. § 37.3.  In particular, Starline offers "Hop-on, Hop-off" sightseeing tours that feature double-decker tour buses with both live and recorded narration identifying landmarks and other points of interest.  The "Hop-on, Hop-off" sightseeing tours include more than fifty stops in four separate but interconnected loops including, inter alia, Hollywood, Beverly Hills, Santa Monica, Universal City, and downtown Los Angeles.  Starline operates approximately thirty-eight "Hop-on, Hop-off" daily tours.  On information and belief, a significant percentage of Starline's "Hop-on, Hop-off tour" vehicles are not accessible to individuals who use wheelchairs.

9.     Starline also operates a demand-responsive system or systems within the meaning of 42 U.S.C. §§ 12181(3) and 49 C.F.R. 37.3, in that Starline offers tours and transportation services that do not have a fixed route, fixed times, or fixed stops, or fixed durations.

10.     Starline has failed to provide tour buses or other tour vehicles which are accessible to and usable by people with disabilities who use wheelchairs within the meaning of Title III and its implementing regulations, 49 C.F.R. pt 37 and 49 C.F.R. pt. 38, thereby excluding such persons from Starline's services. Starline has also failed to provide demand responsive service to individuals with disabilities that is equivalent to that provided to individuals without disabilities.  42

2

U.S.C. § 12182(b)(1)(C); 49 C.F.R. § 37.101(d).  Starline therefore violated the ADA by failing to afford people with disabilities who use wheelchairs, on the basis of their disability, the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations afforded to other individuals.  Further, Starline failed to provide appropriate training to its employees regarding its legal obligations under relevant federal statutes and regulations, in violation of the ADA. 49 C.F.R. § 37.173.  Upon information and belief, Starline's violations of the ADA are continuing.

## FACTUAL ALLEGATIONS

11.    Amy L. Champlin has Friedreich's Ataxia, an inherited disease affecting the muscles and heart that causes nervous system damage and movement problems.  Friedreich's Ataxia typically begins in childhood and leads to impaired muscle coordination that gradually worsens over time.  Ms. Champlin's condition has necessitated her use of an electric wheelchair for mobility.  Ms. Champlin is substantially limited in the major life activity of walking and the major bodily function of the nervous system, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. §§ 12102(1), (2); 28 C.F.R. § 36.104.

12.    In or about July 2010, Ms. Champlin telephoned Starline and requested information about scheduling a tour during her upcoming visit to Los Angeles to attend the Annual Membership Meeting of the National Ataxia Foundation in March 2011.  Starline personnel informed Ms. Champlin that individuals who use wheelchairs could only take a tour if they were able to walk onto the bus and then collapse their wheelchairs.

13.    On August 14, 2010, Ms. Champlin sent Starline a letter in which she reiterated her request for accessible tours for herself and others attending the Annual Membership Meeting of the National Ataxia Foundation and

3

referred Starline to requirements of the ADA.  Ms. Champlin did not receive any response to her letter.

14.    In early January 2011, another member of the National Ataxia Foundation planning to attend the Annual Membership Meeting in Los Angeles contacted Starline about wheelchair accessible tours and was informed that Starline had just acquired a new accessible vehicle.  Several members therefore renewed their efforts to book accessible tours during their visit to Los Angeles in March 2011.

15.    On January 13, 2011, Ms. Champlin sent an email to Starline in which she requested information on Starline's policies about persons using wheelchairs.  In response, Ms. Champlin received an email from Starline stating that Starline had accessible vehicles available for all of its tours, conditioned on advance notice of five or twenty-four hours, depending upon the tour.

16.    On January 13, 2011, Ms. Champlin sent another email to Starline in which she stated that she would be giving more than two months notice and asked for more specific information about the vehicles, such as the number of tie-down spots for wheelchairs and the ability to accommodate additional passengers who could transfer from their wheelchairs to vehicle seats.  In response, Ms. Champlin received an email from Starline stating that only three of Starline's tours (Tour #1, Tour #2, and Tour #25) were accessible to persons using a wheelchair and that Starline had a total of three accessible vehicles, each of which could tie down two wheelchairs and could accommodate additional passengers able to transfer to a seat and collapse their wheelchairs.  Eventually, Ms. Champlin and several other members of the National Ataxia Foundation were able to book a Starline Tour for March 17, 2011, and purchased reservations that specified that an accessible vehicle would be provided.

17.     On the evening of March 16, 2011, Ms. Champlin and other members of the National Ataxia Foundation confirmed with Starline their reservation of a wheelchair accessible, lift-equipped vehicle for the tour purchased for the next day, March 17, 2011, which was to pick them up at their hotel at 7:30 a.m.

18.     On the morning of March 17, 2011, Starline sent a vehicle that was not wheelchair accessible to pick up Ms. Champlin and her companions at their hotel.  The Starline driver then suggested to Ms. Champlin and the other individuals using wheelchairs that they walk onto the bus and stow their wheelchairs.

19.     One of Ms. Champlin's companions contacted Starline, which stated that a different vehicle, which was wheelchair accessible, would be sent to pick them up for the tour.

20.     The replacement vehicle did not arrive until 11:30 a.m., four hours after the scheduled start of the tour purchased by Ms. Champlin and her companions.  After the group engaged in a thirty minute process to board the vehicle, tie-down two wheelchairs, and stow an additional wheelchair, the vehicle would not start.  The driver informed the passengers that the particular vehicle was very rarely used and that it had been experiencing difficulties before he picked up the passengers.  The driver also informed the passengers that he had been instructed to keep them on the vehicle until another replacement vehicle was sent.

21.     Ms. Champlin and her companions waited in the non-functioning vehicle for an additional two hours, in considerable discomfort, but another replacement vehicle did not arrive.  Eventually, they disembarked from the vehicle and relinquished their plan to take a tour while visiting Los Angeles.

22.     The United States is informed and believes that Starline owns or leases approximately ninety vehicles, the solicitations for purchase or lease of

5

which were after August 25, 1990, five of which are readily accessible to or usable by individuals with disabilities, including individuals who use wheelchairs in that, inter alia, they are equipped with a level-change mechanism or boarding device. However, on information and belief, three of the five accessible vehicles are more than ten years old and not all of the vehicles are currently, or consistently, in operable condition.

23.     The United States is informed and believes that Starline has instituted a policy of providing accessible vehicles for its demand responsive tours upon forty-eight hours advance notice.  Starline does not require forty-eight hours advance notice for non-accessible vehicles.  Notwithstanding its forty-eight hours notice policy, Starline has, in repeated instances, informed members of the public that accessible vehicles were not available or were available only under extremely limited circumstances, even where reservations were made far in advance. Likewise, the United States is informed and believes that Starline repeatedly has failed to provide an accessible vehicle for its demand responsive tours despite notice in accordance with its policy.

24.     Starline's actions constitute a pattern or practice of discrimination or raise an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B) and 28 C.F.R. § 36.503.

25.     Upon information and belief, Starline's actions caused harm to Amy Champlin and her companions, including but not limited to emotional distress, and continue to cause harm to other similarly situated individuals with disabilities.

## Violations of Title III of the ADA

26.     The United States incorporates by reference paragraphs 1 through 25.

27.     Starline is in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, by discriminating against individuals with disabilities, on the basis of disability, in the full and equal enjoyment of Starline's goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

28.     Starline's violations of Title III include but are not limited to the following:

a.  denying individuals who use wheelchairs the opportunity to participate in or benefit from Starline's goods, services, facilities, privileges, advantages, or accommodations, 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b.  affording to individuals who use wheelchairs a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals, 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b);

c.  failing to provide Starline's goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of individuals who use wheelchairs, 42 U.S.C. § 12182(b)(1)(B); 28 C.F.R. § 36.203;

d.  imposing or applying eligibility criteria that screen out or tend to screen out individuals who use wheelchairs from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations where such criteria are not necessary for the provision of Starline's goods, services, facilities, privileges, advantages, or accommodations, 42 U.S.C. § 12182(b)(2)(A)(i); 28 C.F.R. § 36.301;

e.  purchasing or leasing a vehicle or vehicles with a seating capacity in excess of 16 passengers for use on Starline's fixed route tours that are

1    not readily accessible to and usable by individuals who use wheelchairs, 42 U.S.C.

2    § 12182(b)(2)(B)(i); 49 C.F.R. §§ 37.7, 37.101; 49 C.F.R. pt 38;

3             f.   purchasing or leasing a vehicle or vehicles with a seating

4    capacity of 16 passengers or less for use on Starline's fixed route tours that are not

5    readily accessible to and usable by individuals who use wheelchairs, and failing to

6    operate its fixed route tours so as to ensure a level of service to individuals with

7    disabilities equivalent to that provided to individuals without disabilities, 42 U.S.C.

8    § 12182(b)(2)(B)(ii); 49 C.F.R. §§ 37.7, 37.101, 37.105; 49 C.F.R. pt 38;

9             g.   purchasing or leasing a vehicle or vehicles with a seating

10   capacity in excess of 16 passengers for use on Starline's demand responsive

11   system that are not readily accessible to and usable by individuals with disabilities

12   and operating such system so that, when viewed in its entirety, such system does

13   not ensure a level of service to individuals who use wheelchairs equivalent to the

14   level of service provided to individuals without disabilities, 42 U.S.C.§§

15   12182(B)(2)(C)(i), (ii); 49 C.F.R. §§ 37.7, 37.101, 37.105; 49 C.F.R. pt 38; and

16             h.   discriminating against individuals who use wheelchairs in the

17   full and equal enjoyment of specified public transportation with respect to those

18   aspects of Starline's business that primarily involve transporting people, 42 U.S.C.

19   § 12184; 49 C.F.R. pts 37 and 38.

20   //

21   //

22   //

# PRAYER FOR RELIEF

**WHEREFORE,** the United States prays for relief as follows:

A.     Declare that the discriminatory practices of Defendant, as set forth above, violate Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89, and the U.S. Department of Justice's implementing regulations, 28 C.F.R. pt. 36, and the U.S. Department of Transportation's implementing regulations, 28 C.F.R. pts. 37 and 38;

B.     Enjoin Defendant, its officers, agents, and employees, and all other persons in active concert or participation with the defendant from discriminating on the basis of disability against any individual seeking transportation services;

C.     Order Defendant to bring its fixed route and demand responsive tours, and its operations that are primarily engaged in the business of transporting people, into compliance with Title III of the ADA, including applicable implementing regulations by the U.S. Department of Justice and the U.S. Department of Transportation;

D.     Order Defendant to develop and implement a plan to train its employees to properly assist and treat individuals with disabilities in a respectful and courteous way;

E.     Award monetary damages to Amy Champlin and other similarly situated persons who have been discriminated against by Defendant to compensate them for injuries resulting from such discrimination;

//

//

//

F.      Assess a civil penalty in an amount authorized by 42 U.S.C. §
12188(b)(2)(C) against the defendant to vindicate the public interest; and

G.      Order such other appropriate relief as the interests of justice may
require.

## A JURY TRIAL IS DEMANDED.

Dated: *July 12, 2012*

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Assistant Division Chief
Civil Rights Unit Chief, Civil Division

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 6120 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | STARLINE TOURS OF HOLLYWOOD, INC., a business entity, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Thomas E. Perez, Assist. Atty General, CV Rights Div<br><br>See Attachment 1 | Attorneys (If Known)<br><br>Mohammed K. Ghods, Ghods Law Firm, 2100 North Broadway Suite 300 Santa Ana, CA 92706. Telephone: 714-245-2480 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to the Americans with Disabilities Act, 42 U.S.C. Sections 12181 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☑ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-06120

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☒ Yes
If yes, list case number(s): CV 11-02620-JFW (CWx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☒   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 7/16/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT 1

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE (State Bar No. 130005)
Assistant United States Attorney
Assistant Division Chief
Civil Rights Unit Chief, Civil Division
JESSICA O. CHEH (State Bar No. 254012)
Assistant United States Attorney
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Telephone: (213) 894-2458/0886
  Facsimile: (213) 894-7819
  E-mail:  robby.monteleone@usdoj.gov
      jessica.cheh@usdoj.gov

Attorneys for Plaintiff United States of America